The opinion of the Court was delivered hy
Bermudez, C. J.
The only question presented on appeal in this case for determination, is simply:
Whether the payment of a mortgage debt, assumed hy a vendee, as part of the price of sale, is or not secured hy vendor’s privilege on the property sold.
*166 By Article 3126 of the Code of 1825, in force of the date of the sale and assumption, and which is Article 3249 of the R. C. C., it is clearly provided, that the payment of so much of the price of sale as remains unpaid, shall be secured by the vendor’s privilege.
■ If the note now sued on were one subscribed by the purchaser, there would probably have arisen no difficulty, even as against the present plaintiff, who is not the vendor, but a mere holder and owner of a note of his, for having acquired the same through others, from the original mortgagee, by transfer and subrogation.
The objections made to the vendor’s privilege claimed, are grounded upon the charge, that the amount claimed is not a debt created at the time of the sale, and due to the vendor, or to one of his authors; but that it is a debt which existed prior to the date of the purchase, in favor of one who was not a vendor and who was not a party to the act.
In demonstration of- the soundness of this distinction, it is asserted, as a test, that if the creditor whose mortgage debt had been assumed as part of. the purchase price, remained unpaid, he could not seek and obtain a resolution of the sale, in the exercise of the right vested in a vendor, by the reserve of the resolutaxy condition.
The privilege accorded for the payment of the unpaid price of sale, is one of great value, resting on considerations of the plainest equity. It would indeed be unjust to place an unpaid vendor on a footihg of equality with the other creditors of the purchaser, and permit these to devour his substance; for it is only on the condition that the price of the thing sold has been paid, that the purchaser acquires an indefeasible title of ownership to the property, and that Ms creditors can be paid.
This privilege was unknown to the old Roman Law, as also was the resolutary condition. It is of G-allic creation. The modern civilians say that it adheres to the entrails of the thing. * After delivery, the old roman law abandoned the vendor selling on credit to the good faith or mercy of the purchaser, and declined a resolution of the sale in case of non-payment of the price, unless the paettmn commissarium had been expressly stipulated.
It confers rights of a high character, superior to those which How from a mortgage. It entitles the vendor, at his option, either to specific performance in exacting payment, or to a resolution of the sale and taking back the property, free from all encumbrance by the vendee. It protects Mm from contribution towards the expenses of the liquidation of the estate of the purchaser in case of his death, or insolvency. *167 It shields him from the claim of a. widow, of minor children, or of both for a homestead. It springs from the very nature of the coiitract of sale, of which it is a legal concomitant. It exists without stipulation, and adheres tenaciously to the thing sold.. It is invariably considered as retained, unless renounced in language unmistakably clear, or by acts evidently designed to destroy effectually the presumption of its retention. It exists and continues until satisfaction, to secure the payment of the unpaid price, whether an entirety or a fraction. ■ 3 A. 600; 4 A. 31-3; 32 A. 828.
It is the price which is protected by the privilege. By the sale the vendor increases the estate of the purchaser. It would be iniquitous to permit, the property sold to become the prey of the creditors of the purchaser, without requiring, as a condition precedent, the payment of its costs. Laurent 30, p. 6, $ 2; p. 18 $ 16; Troplong, Priv. and Hyp. on Art. 2096, p. 25; on Art. 2103, p. 333.
The word price signifies the sum stipulated as the equivalent of the thing sold and also every incident taken into consideration for the .fixing of the price, put to the debit of the vendee, and agreed to by him. Troplong, Priv. and Hyp. on Art. 1552, p. 65, No. 595 ; Laurent 30, p. 11, H 9,10. Pont. Priv. 1, Tit. 28, H 190,145, 187.
Both on principle and practically, it is a matter of indifference to the purchaser to whom the price be paid, whether to the vendor, or to his creditors, or to his beneficiaries. His obligation is to pay the price agreed upon, to whoever can, on payment, give him acquittance and discharge. His assumption to pay it to a third person, makes him personally liable to the creditor, on his acceptance of the assumption.
Where the purchaser assumes to pay a mortgage debt of the vendor, the creditor has the right of proceeding against him directly.
Where the mortgage debt has not been assumed it is so well secured that the suing creditor would rank the vendor of the previously mortgaged property. The creditor is under no obligation to accept the assumption, but he may do so until he has declined it. Dnranton, vol. 10, Ed. Brux, 1134, p. 234, No. 26 ; Monrlon, vol. 3, i>- 497, No. 1249; Marcadé on Art. 2098, p. 19, III No. 26; 2 N. S. 32; 12 L. 184; 8 A. 267, 758 ; 26 A. 618 ; H. D. 255 ; L. D. 442 ; 21 Wall. 123.
The debt due by the vendor in the present case and secured by preexisting mortgage on the property sold, became guaranteed by the vendor’s privilege, the very moment that it was, by covenant, to form an integral part of the price of sale. Tire privilege was then created by law, not by the consent 'of parties, to secure the price thus made up? and agreed upon; but it conditionally existed in favor of the mortgage creditor, who could either ignore or accept the assumption and stipulation. By the fact and at the instant of acceptance, that creditor. *168 acquired tlie right to ask payment of his debt -with the vendor’s privilege, as effectually as he could have done, had he been the holder of a note of the purchaser, furnished in settlement of the price of sale.
Whether by thus accepting the stipulation, he has lost a priority over the vendor, is a question not presented, and on which we express no opinion.
We do not regard the subject of this controversy as a novel one, altogether.
In the Succession of Fergusson, 17 A. 256, the facts had occurred that Allen, who had mortgaged certain real estate to Fergusson to secure payment of a loan of money, evidenced by his notes, sold the property to his creditor, who assumed, as part of- the price, the debt and the mortgage. At the death of Fergusson, the owner of the notes originally due by and not to Allen, the vendor, and assumed by the vendee, Fergusson, as part of the price, presented himself and claimed the vendor’s privilege.
The Court emphatically said: “'Pile vendor’s privilege exists for the payment of the amount of these notes. They formed a part of the. price that Fergusson, the vendee, was to pay for the property,.and, by his assumption, he became the debtor for the whole amount of the notes.”
In Dupuy vs. Dashiell, 17 L. 65, the vendee had retained, in his hands, out of instillments to be paid as part of the price of sale, an amount with which to pay the debt due his vendor’s vendor. On suit by that vendor, against that purchaser, for the payment of the debt, to meet which the amount had been retained, the Court said: “ Under the stipulation pour mitmi, Dupuy (the first vendor who was the plaintiff,) has, as to the sums due him, all the lights and privileges which Lesassier himself, (the purchaser who had sold) could exercise on the property,” i. e., the vendor’s privilege. ■
The Court ruled as it did, not only because Dupuy was a creditor for the price of sale to Lesassier, but also because, as such creditor, by suing Dashiell, who had assumed to pay him, he had accepted the stipulation in his favor. The quality or cause of his original claim was not considered as a tost of his right. The foundation of the decision was his pre-existing debt acknowledged to be due. him, the assumption of that debt and the acceptance of the stipulation in his favor, whereby the purchaser made himself liable..
We find no fundamental characteristic distinctive features of antagonism between the two cases, which, far from clashing, harmoniously expound the same doctrine.
In the case of Conte vs. Cain, 33 A. 966, the same question was con-, sidered. We there said: “ What is it to the plaintiff, who was the *169 purchaser, that part of the purchase price was a debt due to McConnell, (the mortgage creditor) or an original indebtedness to Randall, the vendor, arising directly and merely from the sale of the property to Palacio 9 * * *
“ It was lawful for Randall to make the stipulations in favor of McConnell, as the holder of the $3,000 claim, as a condition of the sale. The moment they were accepted by McConnell, they constituted a binding and irrevokable contract as to him, the terms of which enured to the benefit both of Randall and himself. * * *
“ The privilege springs into existence from the mere fact of a sale on credit, and continues in force as long as the price remains due, contingent on proper registry to bind third parties. It extends not only to such portions of the price as may be due to the vendor, but also to all other portions which may be represented by others, and which form a consideration of the sale. They are all protected by law, with this distinction, however, that where part of the price is a debt of the vendor, the creditor holding that debt would outrank the vendor; as, for instance, where there are successive sales, on which the price is due, wholly or in part, the first vendor is preferred to the second, the second to the third, and so throughout.” R. C. C. § 3251, (3218); V. 8 M. 60; 4 L. 238; 14L. 44; 6 A. 26, 19 L. 154; 5 R. 240 ; 6R. 410; 12 R. 152; 2 A. 643; 19 A. 125 ; 32 A. 822, 828.
The doctrine presently announced may well hereafter be considered as a rule of property, which, in our mind, it has always been.
We do not think that it is material, for the determination of this case, to decide whether the plaintiff, instead of demanding specific performance, could have asserted the resolutary condition, and sought to enforce rights protected by it: whether he could or not, does not deprive him of the right of claiming the privilege of vendor, which was denied him by the court a quo. 12 A. 695 ; 24 A. 498.
We have given due attention and weight to the theory advanced and to the authorities invoked by the learned counsel for the defense, but, while we admit their respectability, we cannot recognize that they can receive any application or produce any effect in a case like the present one.
We think the District Judge erred in refusing to allow the privilege claimed.
It is therefore ordered and decreed, that the judgment appealed from be amended by inserting in the latter part thereof, a recognition of the vendor’s privilege claimed in the petition, and that thus amended, said judgment be affirmed with costs.
Rehearing refused.

 In 32 A. 828, word “roman ’’ is an error — should "be “ modern, civil ”